UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT STALLSWORTH, | : | Case No. 3:13-cv-64 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| DONN PAUL COX, et al., | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY DENYING PLAINTIFF'S MOTION FOR REMAND (Doc. 5)
WITHOUT PREJUDICE AND ORDERING DEFENDANTS CELADON AND COX TO
FILE AN AMENDED PETITION FOR REMOVAL**

This civil case is before the Court on the Memorandum filed by Plaintiff Robert

Stallsworth requesting that the Court remand this case to state court. Plaintiff argues that the

Court lacks subject matter jurisdiction over the case because the amount in controversy does

not exceed the threshold required for the Court to exercise diversity jurisdiction under 28

U.S.C. § 1332. Defendants filed a Response to Plaintiff's Motion. (Doc. 6). The issue is

now ripe for decision by the Court.

## I. ALLEGATIONS

This case arises from an automobile accident that occurred on January 7, 2012. The

accident occurred on Interstate 70 in Clark County, Ohio between a motor vehicle operated

by Plaintiff, an Ohio resident, and a tractor-trailer operated by Defendant Donn Paul Cox

("Cox"), a Colorado resident. Plaintiff alleges that Cox's negligence caused the accident. At

the time of the accident, Cox was allegedly employed by, or an agent of, Defendant Celadon

Trucking Services, Inc. ("Celadon"), a Delaware corporation with its principal place of

business in Indiana, and Plaintiff contends that Celadon is liable under the theory of *respondeat superior*. Plaintiff also names Defendant Allstate Insurance Company ("Allstate"), and Illinois corporation, as an interested party to this case because it insured Plaintiff at the time of the accident for uninsured/underinsured motorists coverage and because it made payments to Plaintiff under the medical payments provisions of that policy.

Plaintiff originally filed a Complaint against Defendants on January 24, 2013 in the Common Pleas Court of Clark County, Ohio. (Doc. 2). Plaintiff alleges that he "suffered injuries to his body, some of which injuries may be permanent in nature." (Doc. 2, PAGEID 21). Plaintiff also alleges that, "[a]s a direct and proximate result of the negligence of [Cox], Plaintiff has incurred medical expenses, and other economic damages . . . and may continue to suffer such losses in the future." (*Id.*) A pre-suit demand by Plaintiff represents that Plaintiff "incurred nearly $22,000 in medical expenses as a result of the crash" and that he lost $4,680 in "earnings from his full-time job as an electrician" during a "nine week period of disability." (Doc. 6-1). In addition to medical expenses and lost income, Plaintiff alleges that "[a]s a direct and proximate result of the negligence of [Cox], Plaintiff has experienced pain and suffering, anxiety, loss of enjoyment of life, lost wages, and earning capacity, and other damages, all of which may continue into the future." (Doc. 2, PAGEID 21).

Defendant Celadon was served with a summons and a copy of the Complaint on February 4, 2013. (Doc. 1, PAGEID  13). Allstate was served on February 7, 2013. (Doc. 1, PAGEID 14). Defendant Cox was served with a summons and a copy of the Complaint on February 12, 2013. (Doc. 1, PAGEID 15). On March 4, 2013, Defendants Celadon and Cox filed a Petition for Removal on the basis of diversity jurisdiction. (Doc. 1). Plaintiff now

requests that the Court remand to the state court arguing that the amount in controversy does not exceed the jurisdictional threshold required by 28 U.S.C. § 1332(a)(1).

## II.  ANALYSIS

"Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1441(a)).  District courts possess original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

"[T]he amount in controversy for federal diversity jurisdiction purposes is determined as of the time the action is commenced." *Sellers v. O'Connell*, 701 F.2d 575, 578 (6th Cir. 1983) (citation omitted).  Thus, "events occurring after removal that reduce the amount in controversy do not oust jurisdiction." *Rogers*, 230 F.3d at 872 (concluding that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court"); *see also Driscoll v. Wal-Mart Stores East, Inc.*, No. 2:09-CV-00154, 2009 WL 4730709, *3 (S.D. Ohio Dec. 10, 2009) (stating that "a post-removal concession regarding the amount in controversy cannot deprive a federal court of subject matter jurisdiction if, at the time of removal, jurisdiction was proper").

"The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 582 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir.2006)).  However, the burden of demonstrating diversity jurisdiction is not so "daunting" that the

removing party must prove, "to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citation omitted). "Where a plaintiff seeks to recover an unspecified amount that is not clearly greater or less than $75,000, the defendant must prove that it is more likely than not that the amount in controversy exceeds $75,000." *Driscoll*, 2009 WL 4730709 at *2 (citing *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993)).

Here, Plaintiff seeks damages "in an amount in excess of $25,000.00 plus interest, costs, and such other relief as this court deems appropriate." (Doc. 2). While Plaintiff presents a post-removal demand in the amount of $68,000, the Court finds that such post-removal demand, itself, does not preclude this Court from exercising jurisdiction *See Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 776 (W.D. Ky. 2002) (stating that "it stands to reason that a plaintiff may not reduce or change her demand by stipulation in response to a removal action for the sole purpose of avoiding federal jurisdiction").

In opposing remand, Defendant points to correspondence from Plaintiff's attorney sent months before Plaintiff filed this civil action in state court. (Doc. 6-1). In that letter, Plaintiff represented that he already incurred medical expenses in the amount of nearly $22,000 and lost wages in the amount of $4,680. (Doc. 6-1). Clearly, these known damages fall below the jurisdictional threshold. However, in addition to medical expenses and wages, Plaintiff, in his Complaint, also seeks damages for "pain and suffering, anxiety, loss of enjoyment of life . . . and earning capacity, and other damages, all of which may continue

4

into the future." (Doc. 2). To resolve all of his alleged damages, Plaintiff demanded $84,680 in the pre-suit letter. (Doc. 6-1).

The Court cannot say that the amount last demanded by Plaintiff before the filing of the Complaint was an unreasonable estimate of Plaintiff's damages considering the amount of medical bills already incurred, the amount of income already lost, plus the unspecified amount of pain and suffering, loss of earning capacity and other future damages alleged. *Russell v. McKechnie Vehicle Compnents USA, Inc.*, No. 5:11–CV–219–JMH, 2011 WL 3847501 (E.D. Ky. Aug. 26, 2011) (stating that "District Courts across the Sixth Circuit have held that a demand letter can be 'relevant evidence of the amount in controversy' if the demands 'reflect [ ] a reasonable estimate of the plaintiff's claim'") (citations omitted). While Plaintiff reduced the demand post-removal in an apparent attempt to oust this Court of jurisdiction, "only an unequivocal statement and stipulation limiting damages" will serve to undermine the defendant's right to removal." *Driscoll v. Wal-Mart Stores East, Inc.*, No. 2:09-CV-00154, 2009 WL 2169134 (S.D. Ohio Jul. 16, 2009) (citing *Egan*, 237 F.Supp.2d at 778). Plaintiff's new demand for $68,000 concedes nothing and leaves "open the possibility of damages exceeding $75,000." *Driscoll*, 2009 WL 4730709 at *3 n1.

Thus, while doubt is to be resolved in favor of remand, the Court finds that, based upon the damages alleged (medical expenses, lost wages, pain and suffering, anxiety, loss of enjoyment of life and earning capacity, all of which may continue into the future), and the demand letter sent by Counsel for Plaintiff *before* filing of the Complaint, Defendant meets the burden of demonstrating that the amount in controversy more likely than not exceeds the jurisdictional requirement. Accordingly, the Court has subject matter jurisdiction over this

case and **DENIES** Plaintiff's Motion for Remand insofar as Plaintiff argues that the case does not meet the jurisdictional amount in controversy.

However, the Court notes that the Petition for Removal appears procedurally defective.  To remove a case to federal court pursuant to 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b).  "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446."  *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).  Here, Plaintiff named Allstate as a Defendant and Allstate did not join in the Petition for Removal and there is no indication anywhere in the record that Allstate consents to removal.  The Petition for Removal appears to allege that Allstate's joinder or consent is not required because Allstate "is improperly joined as a party because there is no underinsured or uninsured motorists claim against said Defendant."  (Doc. 1, PAGEID 3).  The Petition sets forth no facts supporting such a conclusory allegation.[1]

Courts have recognized limited "exceptions to the general rule that all defendants join or consent to the removal."  *Hicks v. Emery Worldwide, Inc.*, 254 F.Supp.2d 968, 972 n4 (S.D. Ohio 2003).  Exceptions to the general rule include instances where: "(1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)."  *Id.*

---

[1] While the Petition for Removal does not address Allstate's interest as subrogee for medical payments paid to Plaintiff, courts have aligned subrogated insurers with the interests of a plaintiff for purposes of determining diversity jurisdiction.  *See Smith v. General Motors Corp.*, No. 2:11-cv-782, 2011 WL 5999865, *2 (S.D. Ohio Nov. 30, 2011).  It cannot be said that Allstate's interests are aligned with Plaintiff with regard to the claim for uninsured or underinsured motorists coverage, and therefore, absent some applicable exception to 28 U.S.C. § 1446(b), Allstate's joinder in or consent to removal is procedurally required.

(citing *Klein v. Manor Healthcare Corp.*, 19 F.3d 1433, 1994 WL 91786, n8 (6th Cir.1994)). Courts have also concluded that the unanimity requirement can be disregarded where the non-consenting defendant was improperly joined. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (stating that "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined") (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

Again, the only possible exception to the unanimity requirement alleged in the Petition for Removal is the conclusory contention that Allstate was improperly joined because there is no viable claim for uninsured or underinsured motorists coverage. Unfortunately, there are no facts before the Court upon which the Court can conclude that Allstate was improperly joined as a Defendant for purposes of uninsured or underinsured motorists coverage. The Sixth Circuit agrees with other courts that, "a petition for removal may be amended under the same considerations governing the amendment of any other pleading containing jurisdictional allegations[,]" even after expiration of the 30 day removal period, to cure a procedural deficiency such as the failure to include all defendants in a removal petition. *Klein*, 1994 WL 91786 at *4-5.

Because the jurisdictional requirements for removal on the basis of diversity have been established, but procedural issues remain, the Court **DENIES** Plaintiff's Motion for Remand on the grounds set forth therein. The Court **ORDERS** Defendants Celadon and Cox to file an amended petition for removal within **SEVEN** days from the entry of this Order to allege and support the assertion that Allstate's joinder in or consent to removal was not

required on the basis that Allstate was improperly joined as a defendant. Plaintiff may re-file a motion to remand within **FOURTEEN DAYS** from the filing of the amended petition.

Failure to file an amended petition for removal will result in this case being remanded for failure to comply with the procedural requirements of 28 U.S.C. § 1446(b).

**IT IS SO ORDERED.**

Date: 5/2/13 _____          *s/ Timothy S. Black*_____
                                      Timothy S. Black
                                      United States District Judge